IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **NIKOLA KALUDJEROVIC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00163 |
| § | |
| **GENERAL MOTORS LLC** § | |
| § | |
| **Defendant.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nikola Kaludjerovic, Plaintiff herein, and files this his Original Petition complaining of General Motors LLC and would respectfully show unto the Court as follows:

**I. Parties**

1.   Plaintiff Nikola Kaludjerovic is a resident and citizen of Pompano Beach, Florida.

2.   Defendant General Motors LLC is a Delaware corporation with its principal place of business at 300 Renaissance Center, Detroit, MI 48265, and is doing business in Texas as GM Arlington Assembly Plant located at 2525 E. Abram St., Arlington, Tarrant County, Texas 76010, and may be served by serving its registered agent Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701, or anywhere that Defendant may be found.

3.   All conditions precedent for Plaintiff's recovery under all causes of action necessary to maintain this action have been performed, have occurred, been excused or waived.

**III. Jurisdiction and Venue**

4.   This Court has subject matter jurisdiction of the claims asserted in this cause under

diversity jurisdiction pursuant to 28 U.S.C. §1332.

5. Plaintiff is a citizen of Florida

6. Defendant is a citizen of Delaware and Michigan.

7. The amount in controversy is in excess of $75,000.00.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 because General Motors LLC is authorized to do business in Texas and does business in the Northern District of Texas. Furthermore, a substantial part of the events or omissions giving rise to the claims in this suit took place in the Northern District of Texas.

### IV. Facts

9. At all times mentioned herein, Defendant General Motors LLC ("GM LLC") maintained, operated and had control of its GM Arlington Assembly Plant (the "Plant") located at 2525 E. Abram St., Arlington, Tarrant County, Texas 76010, was the possessor of said property and business at the time of the incident made the basis of this lawsuit, and conducted business operations at that site.

10. On or about March 28, 2019, Plaintiff entered upon Defendant's premises at the invitation of Defendant for the purpose of delivering goods ordered by Defendant. During the time that Plaintiff was upon the premises, owned and operated and controlled by Defendant, he was seriously injured when his truck was unexpectedly slammed into the loading docking due to faulty equipment owned, maintained and/or operated by Defendant.

11. Plaintiff was delivering Defendant's goods to Defendant at its Plant. Plaintiff was instructed to go to the loading dock and back up his truck to loading dock door no. 3, wherein Defendant had equipment that takes control of the vehicle's movement and would steer Plaintiff's truck up to the loading dock in order to allow Defendant to remove the goods from Plaintiff's truck.

As Defendant's equipment steered the truck to the loading dock, it did not slow down or stop until it hit the back of Defendant's loading dock with such force that it caused serious injuries to Plaintiff including but not limited to cervical, lumbar and shoulder injuries. Plaintiff notified Defendant's employees, including the fork-lift operator, of the incident and his injuries. Plaintiff was informed by the fork-lift operator that "dock three does that sometimes."

12. Plaintiff did not have actual knowledge or constructive knowledge of the danger prior to being slammed into the docking area. Plaintiff was not controlling his vehicle when the accident occurred.

13. Defendant knew the dangerous condition existed but failed to maintain, repair and use the faulty equipment, to Plaintiff's detriment. Defendant owed Plaintiff a duty to prevent the existence of dangerous conditions and activities upon its property. Defendant failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. Plaintiff would respectfully show that the injuries and damages sustained by Plaintiff were proximately caused by the negligence and gross negligence of Defendant. Defendant was negligent by creating a hazard or continuing activity on the premises that posed an unreasonable risk of harm. Namely, allowing the equipment to be maintained or operated improperly. Defendant's acts and/or omissions, as stated below, proximately caused the occurrence in question and the resulting injuries and damages to Plaintiff.

### V. Causes of Action

**A.   Negligence**

14. Plaintiff incorporates by reference all paragraphs above.

15. Defendant owed a duty of care to its invitees to provide a safe facility in which to deliver its products.

16. Specifically, Defendant's agents, servants, and employees negligently permitted a hazard to exist at its loading dock. The equipment was improperly maintained, repaired or operated. This hazard caused the conveyor to operate improperly and fail to adequately control vehicles that were using the loading dock. As a result, the equipment slammed Plaintiff's vehicle into the loading dock and this collision proximately caused Plaintiff significant impact injuries to his body. Defendant knew of this condition before Plaintiff was injured, but allowed it to persist.

17. Defendant knew the dangerous condition existed but continued to use the faulty equipment. Defendant negligently allowed such condition or conditions to continue and failed to warn Plaintiff of the condition of its faulty equipment. This condition existed despite the fact that Defendant or its agents knew or should have known of the existence of the malfunction of its loading dock equipment and that there was a likelihood of a person being injured as occurred to Plaintiff.

18. More specifically, Defendant owed Plaintiff a duty of care to prevent the existence of dangerous conditions upon its property. Defendant had both actual and constructive knowledge of the extreme risk of harm. Defendant breached its duties in one or more of the following ways:

   a. Failing to provide Plaintiff with a safe environment, more specifically, in the vicinity where Plaintiff was required to make deliveries, the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries;

   b. Failing to provide its equipment in good and safe working condition. As a result, the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries;

   c. Failing to inspect, oversee and otherwise exercise adequate control over the premises, equipment and facilities and as a result the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries;

   d. Failing to warn Plaintiff of the dangerous conditions. As a result, Plaintiff used the

      malfunctioning equipment. As a result, the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries;

e. Failing to maintain and/or operate its equipment. As a result, the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries;

f. Failing to keep Plaintiff safe by having competent and well-trained employees familiar with the dangers of its equipment. This caused the equipment to operate improperly and the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries;

g. Failing to implement an adequate safety management program and hazard assessments with safety instructions, guidelines, and procedures to detect malfunctions of its equipment. As a result, the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries;

h. Failing to shut down equipment that it knew, or should have known, was faulty and created a dangerous condition for its visitors and invitees, such as Plaintiff, delivering products to Defendant. As a result, the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries;

i. Failing to properly train and supervise its employees in making its equipment and premises safe. As a result, the equipment failed or was improperly operated and caused Plaintiff's vehicle to collide with the building. These acts and omissions and collision proximately caused his injuries.

19. Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

20. Defendant is liable and responsible under the respondeat superior doctrine. Defendant is liable for the negligent acts or omissions of its employees acting within the course and scope of their employment.

## VI. Damages

21. Plaintiff incorporates by reference all paragraphs above.

22. As a result of the negligent conduct of Defendant, Plaintiff suffered and will continue to suffer in the future actual damages within the jurisdictional limits of this Court, including but not limited to past and future medical, pharmaceutical, and hospital expenses, past and future pain and suffering, past and future mental anguish, past and future physical impairment, past and future lost wages, disfigurement, lost earnings, and exemplary damages. Specific physical injuries caused by the collision include cervical, lumbar and shoulder injuries.

23. Plaintiff seeks monetary relief over $1,000,000.00. Plaintiff reserves the right to amend once Plaintiff's medical condition is more certain.

## VII. Gross Negligence and Exemplary Damages

24. Plaintiff incorporates by reference all paragraphs above.

25. Defendant's conduct, and that of its agents, servants and employees, acting within the scope of their employment, constituted gross negligence, in that it demonstrated an entire want of care that tends to show Defendant's conscious indifference to the welfare of persons, such as Plaintiff, who might come upon the property.

26. As Defendant's equipment steered the truck to the loading dock, it did not slow down or stop until it hit the back of Defendant's loading dock with such force that it caused serious injuries to Plaintiff. Plaintiff notified Defendant's employees, including the fork-lift operator, of the incident and his injuries. Plaintiff was informed by the fork-lift operator that "dock three does that sometimes."

27. Defendant was aware of the danger of the equipment before the incident and allowed it to persist. Defendants knew or should have known that the malfunctioning or operation of the equipment could cause serious injury. The acts and omissions caused a collision with the loading dock and caused Plaintiff's serious injuries.

28. Plaintiff expects that discovery will reveal that Defendant's conduct as described above constituted acts and/or omissions which, when viewed objectively from Defendant's standpoint at the time of the occurrence involved an extreme degree of risk, considering the portability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Accordingly, Defendant's actions constitute gross negligence and Plaintiff is therefore entitled to an award of exemplary damages.

## VII. Prejudgment Interest

29. Plaintiff also seeks pre-judgment interest at the highest rate allowable by law.

## VIX. Jury Demand

30. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## X. Prayer

31. For these reasons set forth above, Plaintiff Nikola Kaludjerovic prays that he have judgment against the Defendants for the following:

   a. Actual damages within the jurisdictional limits of this court;

   b. Past and future economic damages;

   c. Past and future pain and suffering damages;

   d. Past and future mental anguish damages;

   e. Past and future impairment;

   f. Past and future disfigurement;

   g. Past and future lost wages;

   h. Exemplary damages;

i. Pre-judgment and post-judgment interest at the highest rate allowed by law;

j. All other relief, in law and equity, to which Plaintiff may be entitled.

Respectfully submitted,

By:    */s/ Tad Rice*
Tad Rice
State Bar No.: 24027653
**THE RICE FIRM**
25700 I-45 North, Suite 130
The Woodlands, Texas 77386
Telephone: (713) 234-1266
Facsimile: (832) 495-4767
Email: firm@ricefirmpc.com
**ATTORNEY FOR PLAINTIFF**

And

William Taylor
State Bar No. 24046954
**Taylor & Taylor Law, P.C.**
4115 Highgrove Drive
Arlington, TX 76001
Telephone: (817) 483-8388
Facsimile:
Email: wtaylor@taylorandtaylorlaw.com
**Local Counsel for Plaintiff**